IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAMALYN S. ANEN**, on behalf of herself and others similarly situated<br>　　　Plaintiff<br>　　　v.<br><br>**POWELL TRACHTMAN, P.C.**<br>　　　and<br>**POWELL, TRACHTMAN, LOGAN,<br>　　CARRLE & LOMBARDO, P.C.**<br>　　　and<br>**POWELL LEGAL GROUP, P.C.**<br>　　　and<br>**DAVID T. BOLGER**<br>　　　and<br>**MICHAEL G. TRACHTMAN**<br>　　　and<br>**GUNTHER O. CARRLE**<br>　　　and<br>**PAUL A. LOGAN**<br>　　　　　Defendants | **CIVIL ACTION NO. 18-2151**<br><br>**JURY TRIAL DEMANDED** |

## **AMENDED COMPLAINT**

**I.　INTRODUCTION**

　　1. Plaintiff, Tamalyn S. Anen (Anen), on behalf of herself and similarly situated current and former employees of Defendants, Powell Trachtman, P.C., Powell, Trachtman, Logan, Carrle & Lombardo, P.C., and Powell Legal Group, P.C., (collectively Powell), and David T. Bolger, Michael G. Trachtman, Gunther O. Carrle and Paul A. Logan (collectively Powell lawyers), is suing Powell and Powell lawyers under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq*. Anen is also suing Powell and Powell lawyers on behalf of herself under the Pennsylvania Minimum Wage Act (PaMWA), 43 P.S. §333.101, *et seq*., the Pennsylvania Wage Payment and Collection Law (PaWPCL), 43 P.S. § 260.1, *et seq*. and for unjust enrichment. Anen

seeks all relief against Powell and Powell lawyers that she and her similarly situated current and former Powell and Powell lawyers employees are entitled to, including an order permitting this case to proceed as a collective action under the FLSA, prompt notice to all potential collective members, unpaid overtime/wages, liquidated damages, interest, attorney's fees and costs, and such other relief as the Court shall deem proper.

## II.     JURISDICTION AND VENUE

2. This Court has jurisdiction over Anen's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b). This Court has jurisdiction over Anen's state law claims pursuant to 28 U.S.C. § 1367(a).

3. This lawsuit properly lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because the claims arose in this judicial district.

## III.    PARTIES

4. Anen resides in Bensalem, PA.

5. Powell is a law firm that provides services to businesses, business owners, executives, entrepreneurs and investors. Powell is regularly retained by insurance carriers to protect the interests of design professionals, accounting firms, law firms, universities, major manufacturers and other businesses. Powell was formed in 1988.

6. As of February 2018, Powell had about 45 employees, including approximately 25 attorneys and about 20 staff. The staff includes legal secretaries/assistants, paralegals, file clerks and a receptionist. Powell has a main office in King of Prussia, PA and satellite offices in Cherry Hill, NJ and Harrisburg, PA.

7. In about late April/early May 2018, Powell announced that it was winding down and some of its attorneys were leaving the firm to take on other positions.

8. As of the filing of this lawsuit, Mr. Bolger is the managing partner of Powell; Mr. Trachtman is a partner at Wisler Pearstine, LLP in Blue Bell; Mr. Carrle is general counsel at McCormick Taylor, Inc. in Philadelphia; and Mr. Logan is a partner at Post & Schell, P.C. in Philadelphia.

9. Within the past 2-3 years, David T. Bolger, Michael G. Trachtman, Gunther O. Carrle and Paul A. Logan were believed to be members of Powell's executive committee.

10. Upon information and belief, Messrs. Bolger, Trachtman, Carrle and Logan have and had active roles in overseeing Powell's day-to-day operations, including the setting, payment, and approval of compensation for support staff (including file clerks, legal assistants/secretaries, paralegals, and other support staff).

11. Powell is an employer engaged in interstate commerce or in the production of goods for commerce. Powell has gross operating revenues exceeding $500,000. Powell and Powell lawyers are employers covered by the FLSA, PaMWA, and PaWPCL.

## IV.    FACTUAL BACKGROUND

12. Anen has worked at Powell as a file clerk since April 2001. She currently works at Powell.

13. Anen's hourly rates were/are $20.90/hour in 2015, $21.63/hour in 2016, $21.95/hour in 2017, and $22.39/hour in 2018.

14. Powell's Policy and Procedure Manual provides the following:

   a. Non-exempt employees, including Anen and other similarly situated administrative and support staff Powell employees, are required to submit signed timesheets setting forth their hours worked. The timesheets must be approved by the employee's supervisor and then submitted to the firm administrator, Fay B. Hunsberger.
   b. Non-exempt employees (such as Anen and her similarly situated administrative and support staff Powell employees) are entitled to overtime pay under the specific provisions of federal and state laws.

    c. Powell pays non-exempt employees (such as Anen and her similarly situated administrative and support staff Powell employees) overtime at 1 ½ times their base rate for hours actually worked in excess of 40 hours per week.

    d. Unless an employee is working at her desk through lunch, she must clock out even if she is taking her lunch in the office.

15. Throughout most of Anen's 17 years working at Powell, she worked from 6am – 4pm with a one-hour lunch. As of January 2018, she began working 6am – 3pm with a one-hour lunch. Through the end of 2017, Anen regularly worked at least 45 hours per week, and she often worked more than 45 hours per week on occasions where Powell needed her to work past 4pm.

16. Mr. Bolger changed Anen's schedule as of around January 1, 2018 from 6am – 4pm to 6am – 3pm because he was upset that she was working overtime hours and was concerned that the firm might owe her overtime pay.

17. Anen regularly submitted bi-weekly time sheets which were signed and approved by Powell firm administrator Ms. Hunsberger. Upon information and belief, some or all of the Powell lawyers also signed, saw and/or approved Anen's bi-weekly time sheets.

18. Powell did not pay Anen any compensation, including overtime compensation, for any of the hours she worked in excess of 40 hours each work week. Powell and Powell lawyers knew they were required to pay Anen (and her similarly situated file clerks, legal assistants/secretaries, paralegals and other Powell support staff) overtime pay and chose to ignore the law and did not pay overtime pay to anyone.

19. Upon information and belief, Anen's similarly situated file clerks, legal assistants/secretaries, paralegals and other Powell support staff regularly worked and work at least 5-10 hours/week in excess of 40 hours/week. Upon information and belief,

4

Powell does not pay and continues to not pay Anen and her similarly situated file clerks, legal assistants/secretaries, paralegals and other Powell support staff any compensation, including overtime compensation, for any of the hours they worked/work in excess of 40 hours each work week.

20. Upon information and belief, Powell has maintained these improper pay practices for at least the past three years and likely farther in the past than that.

21. Powell willfully violated and is willfully violating the FLSA, PaMWA and PaWPCL by failing to pay its non-exempt file clerks, legal assistants/secretaries, paralegals and other support staff any compensation, including overtime compensation, for hours they worked in excess of 40 hours/week and by maintaining firm policies that violate the FLSA, PaMWA and PaWPCL.

22. Anen brings this lawsuit pursuant to 29 U.S.C. §216(b) as a collective action on behalf of all Powell file clerks, legal assistants/secretaries, paralegals and other support staff who, during any workweek since May 22, 2015, worked more than 40 hours and were not properly paid by Powell.

23. Anen and other members of the collective are 'similarly situated' because Powell subjected them all to the common employment practices summarized above and because resolution of the unpaid overtime and compensation claims requires discovery of many common facts, including Powell's compensation, timekeeping and payroll practices.

24. Upon information and belief, more than ten individuals have been employed by Powell, including Anen, as file clerks, legal assistants/secretaries, paralegals and other

support staff in the last three years and have been wrongfully denied compensation and overtime compensation as stated above.

25. There are questions of law and fact common to this collective, including Powell's liability to Anen and her potential collective mates under the legal theories set forth above.

26. As the named Plaintiff, Anen's claims are typical of the collective because Powell improperly paid all of its file clerks, legal assistants/secretaries, paralegals and other support staff.

**V.     CLAIMS**

**COUNT I – FLSA**

27. Paragraphs 1-26 are incorporated by reference as if fully set forth herein.

28. The FLSA requires employers such as Powell and Powell lawyers to pay employees overtime compensation of 'not less than one and one-half times' their regular rate of pay for all hours worked over 40 in a work week. 29 U.S.C. §207(a)(1).

29. Powell and Powell lawyers violated the FLSA by failing to pay their file clerks, legal assistants/secretaries, paralegals and other support staff (including Anen) any compensation, including time and a half overtime compensation, for all hours worked in excess of 40 hours/week.

WHEREFORE, Anen seeks the following relief: 1) an order permitting this lawsuit to proceed as a collective action; 2) prompt notice of this lawsuit be given to all potential collective members; 3) unpaid compensation damages; 4) liquidated damages; 5) interest; 6) litigation costs including attorney's fees and expenses; and 7) such other

6

relief as the Court shall deem proper. Anen seeks such relief jointly and/or severally against all named Defendants.

## **COUNT II – PaMWA**

30. Paragraphs 1-26 are incorporated by reference as if fully set forth herein.

31. The PaMWA requires employers such as Powell and Powell lawyers to pay employees overtime compensation of 'not less than one and one-half times' their regular rate of pay for all hours worked over 40 in a work week. 43 P.S. §333.104(c).

32. Powell and Powell lawyers violated the PaMWA by failing to pay Anen any compensation, including time and a half overtime compensation, for all hours worked in excess of 40 hours/week.

WHEREFORE, Anen seeks the following relief: 1) unpaid compensation damages; 2) interest; 3) litigation costs including attorney's fees and expenses; and 4) such other relief as the Court shall deem proper. Anen seeks such relief jointly and/or severally against all named Defendants.

## **COUNT III – PaWPCL**

33. Paragraphs 1-26 are incorporated by reference as if fully set forth herein.

34. The unpaid compensation Powell and Powell lawyers failed to pay Anen is considered wages under the PaWPCL.

35. Powell and Powell lawyers violated the PaWPCL by failing to pay Anen any compensation, including time and a half overtime compensation, for all hours worked in excess of 40 hours/week.

WHEREFORE, Anen seeks the following relief: 1) unpaid compensation damages; 2) liquidated damages; 3) interest; 4) litigation costs including attorney's fees

and expenses; and 5) such other relief as the Court shall deem proper. Anen seeks such relief jointly and/or severally against all named Defendants.

## **COUNT IV – UNJUST ENRICHMENT**

36. Paragraphs 1-26 are incorporated by reference as if fully set forth herein.

37. At all times relevant to this Complaint, Powell and Powell lawyers by their policies and practices, benefited from, and increased its profits by failing to pay wages earned and due to Anen at a rate not less than 1 ½ times the regular rate of pay for all work performed in excess of 40 hours in a work week.

38. Powell and Powell lawyers accepted and received the benefits of the work performed by without compensating her for said work. The profits of Powell and Powell lawyers were unjustly enriched at the expense of Anen.

WHEREFORE, Anen seeks judgment for Powell's and Powell lawyers' unjust enrichment in an amount equal to the benefits unjustly retained by Powell and Powell lawyers, plus interest on these amounts. Anen seeks such relief jointly and/or severally against all named Defendants.

    Respectfully submitted,

By:   SMP2861
Scott M. Pollins - Pa. Atty. Id. No. 76334
**Pollins Law**
800 Westdale Avenue
Swarthmore, PA 19081-2311
(610) 896-9909 (phone)
(610) 896-9910 (fax)
scott@pollinslaw.com (email)

Attorney for Plaintiff, Tamalyn S. Anen

Date:   7/2/18