IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMALYN S. ANEN, on behalf of Herself and others similarly situated | : : : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : : | NO.: 2:18-cv-02151 |
| POWELL TRACHTMAN, P.C and POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C. and POWELL LEGAL GROUP And MICHAEL G. TRACHTMAN and GUNTHER O. CARRLE and PAUL A. LOGAN | : : : : : : : : : : : : : | |
| Defendants. | : : | JURY TRIAL DEMANDED |

## ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendants, by and through their attorneys, Lamb McErlane PC, hereby file this Answer with Affirmative Defenses to Plaintiff's Amended Complaint.

1. Denied as stated. The averments contained in Plaintiff's Amended Complaint speak for themselves and any statement in this "Introduction" made inconsistent therewith is denied.

2. The averment contained in this paragraph is a conclusion of law to which no response is required.

3. The averment contained in this paragraph is a conclusion of law to which no response is required.

4. Upon information and belief, admitted.

5. Admitted.

6. Admitted in part. Denied in part. As of February 2018, there were 27 attorneys and 19 staff personnel, generally as described. The New Jersey and Harrisburg offices are closed.

7. Denied as stated. Any alleged announcement speaks for itself and any statement made inconsistent therewith is denied.

8. Admitted.

9. Admitted in part, denied in part. It is admitted only that Mr. Bolger, Mr. Trachtman, Mr. Carrle, and Mr. Logan were members of Powell Trachtman's executive committee at some point during each of their tenure with the firm.

10. Denied.

11. The averment contained in this paragraph is a conclusion of law to which no response is required.

12. Admitted.

13. Denied as stated. Plaintiff's hourly rates are contained in documentation which speaks for itself. Any statement made inconsistent therewith is denied.

14. Denied as stated. The Policy and Procedure Manual is a document that speaks for itself. Any statement made inconsistent therewith is denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. The averment contained in this paragraph is a conclusion of law to which no response is required. To the extent a factual response is required, the averment contained in this paragraph is denied.

22. The averment contained in this paragraph is a conclusion of law to which no response is required.

23. The averment contained in this paragraph is a conclusion of law to which no response is required.

24. Denied.

25. The averment contained in this paragraph is a conclusion of law to which no response is required.

26. Denied.

## COUNT I
## Fair Labor Standards Act

27. Defendants incorporate by reference the preceding paragraphs of this Answer as if fully set forth at length herein.

28. The averment contained in this paragraph is a conclusion of law to which no response is required.

29. The averment contained in this paragraph is a conclusion of law to which no response is required. To the extent a factual response is required, the averment contained in this paragraph is denied.

WHEREFORE, Defendants request that this Court enter judgment in favor of all Defendants together with fees, costs, and such other relief as this Court deems appropriate.

## COUNT II
## Pennsylvania Minimum Wage Act

30. Defendants incorporate by reference the preceding paragraphs of this Answer as if fully set forth at length herein.

31. The averment contained in this paragraph is a conclusion of law to which no response is required.

32. The averment contained in this paragraph is a conclusion of law to which no response is required. To the extent a factual response is required, the averment contained in this paragraph is denied.

WHEREFORE, Defendants request that this Court enter judgment in favor of all Defendants together with fees, costs, and such other relief as this Court deems appropriate.

## COUNT III
## Pennsylvania Wage Payment and Collection Law

33. Defendants incorporate by reference the preceding paragraphs of this Answer as if fully set forth at length herein.

34. The averment contained in this paragraph is a conclusion of law to which no response is required.

35. The averment contained in this paragraph is a conclusion of law to which no response is required. To the extent a factual response is required, the averment contained in this paragraph is denied.

WHEREFORE, Defendants request that this Court enter judgment in favor of all Defendants together with fees, costs, and such other relief as this Court deems appropriate.

## COUNT IV
## Unjust Enrichment

36.     Defendants incorporate by reference the preceding paragraphs of this Answer as if fully set forth at length herein.

37.     The averment contained in this paragraph is a conclusion of law to which no response is required. To the extent a factual response is required, the averment contained in this paragraph is denied.

38.     The averment contained in this paragraph is a conclusion of law to which no response is required. To the extent a factual response is required, the averment contained in this paragraph is denied.

WHEREFORE, Defendants request that this Court enter judgment in favor of all Defendants together with fees, costs, and such other relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.     Plaintiff has failed to state a claim for which relief can be granted.

### Second Affirmative Defense

2.     Plaintiff has failed to state a claim against each of the individual defendants for which relief can be granted.

### Third Affirmative Defense

3.     Plaintiff has not suffered any damages.

### Fourth Affirmative Defense

4.     To the extent Plaintiff has suffered damages, which Defendants deny, they were caused by Plaintiff's own actions.

**Fifth Affirmative Defense**

5.     Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

**Sixth Affirmative Defense**

6.     Defendants invoke the defenses, protections and limitations of the Pennsylvania Minimum Wage Act ("PaMWA").

**Seventh Affirmative Defense**

7.     Defendants invoke the defenses, protections and limitations of the Pennsylvania Wage Payment and Collection Law ("WCPL").

**Eighth Affirmative Defense**

8.     Plaintiff's claims are barred by the applicable statute of limitations.

**Ninth Affirmative Defense**

9.     At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

**Tenth Affirmative Defense**

10.    Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

**Eleventh Affirmative Defense**

11.    This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA, PaMWA, or WPCL.

### **Twelfth Affirmative Defense**

12.     In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiff was not engaged to work.

### **Thirteenth Affirmative Defense**

13.     Plaintiff is not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

### **Fourteenth Affirmative Defense**

14.     Plaintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

### **Fifteenth Affirmative Defense**

15.     Defendants complied with all recordkeeping requirements of the FLSA, PaMWA, and the WPCL.

### **Sixteenth Affirmative Defense**

16.     Staff members who worked in excess of 40 hours per week, were compensated for all hours worked in excess of 40 hours in any particular workweek at a rate not less than that set forth by the overtime provisions of the FLSA.

### **Seventeenth Affirmative Defense**

17.     Plaintiff has failed to mitigate their alleged damages.

### **Eighteenth Affirmative Defense**

18.     Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

### Nineteenth Affirmative Defense

19. Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

### Twentieth Affirmative Defense

20. Plaintiff has failed to exhaust administrative remedies.

### Twenty First Affirmative Defense

21. Defendants provide minimum hourly wages and premium overtime pay to "non exempt" employees pursuant to 29 U.S.C. §§206 and 207.

### Twenty Second Affirmative Defense

22. Plaintiff's claims do not arise out of a willful violation of the law.

### Twenty Third Affirmative Defense

23. Defendants' acts or omissions giving rise to this action were taken in good faith and they had reasonable grounds for believing that allowing Plaintiff to come into the office to "beat the traffic" was not a violation of the Fair Labor Standards Act.

### Twenty Fourth Affirmative Defense

24. Plaintiff did not work or spend compensable time upon her early arrival to the office.

### Twenty Fifth Affirmative Defense

25. There is a good faith dispute involving the amount of wages due Plaintiff.

### Twenty Sixth Affirmative Defense

26. The individual defendants did not play an active role in decision making, or corporate policy-making, on matters of pay or compensation.

WHEREFORE, Defendants request that this Court enter judgment in favor of all Defendants together with fees, costs, and such other relief as this Court deems appropriate.

                                              **LAMB McERLANE PC**

By:    <u>*s/Mary-Ellen H. Allen*</u>
           Guy A. Donatelli
           Attorney I.D. No. 44205
           Mary-Ellen H. Allen
           Attorney I.D. No. 83885
           24 E. Market Street – P.O. Box 565
           West Chester, PA 19381-0565
           (610) 430-8000
           mallen@lambmcerlane.com

Date: July 24, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| TAMALYN S. ANEN, on behalf of Herself and others similarly situated<br><br>Plaintiff,<br>v.<br><br>POWELL TRACHTMAN, P.C<br>and<br>POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.<br>and<br>POWELL LEGAL GROUP<br>And<br>MICHAEL G. TRACHTMAN<br>and<br>GUNTHER O. CARRLE<br>and<br>PAUL A. LOGAN<br><br>Defendants. | CIVIL ACTION<br><br>NO.: 2:18-cv-02151<br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Mary-Ellen H. Allen, hereby certify that on this 24th day of July 2018, I caused the foregoing *Answer with Affirmative Defenses to Plaintiff's Amended Complaint* to be served upon the following via notification of electronic filing:

> Scott M. Pollins, Esquire
> Pollins Law
> 800 Westdale Avenue
> Swarthmore, PA 19081-2311

> */s/ Mary-Ellen H. Allen*
> Mary-Ellen H. Allen

10